**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OCTAVIA ANDERSON, as next friend of C.A., a minor,<br><br>Plaintiff,<br><br>v.<br><br>Village of South Holland, Village of South Holland Hearing Officer Angelo Vitiritti, Village of South Holland Police Officer D. Grady, Star No. 105, and Village of South Holland Police Officer A. Vazquez, Star No. 127,<br><br>Defendants. | ) | Case No.: 22-cv-3578<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Octavia Anderson ("Anderson") was and is a citizen of the United States, the legal guardian of Plaintiff C.A., a minor, and was within the jurisdiction of this court.

4. At all times herein mentioned, C.A. was a minor born in 2010, was and is citizen of the United States, and was within the jurisdiction of this court. Octavia Anderson is acting as his next friend.

5. At all times herein mentioned, South Holland Police Officer D. Grady, Star No. 105, ("Grady") was employed by the Village of South Holland Police Department and was acting under color of state law and as the employee, agent, or representative of the South Holland Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, South Holland Police Officer A. Vasquez, Star No. 127, ("Vasquez") was employed by the Village of South Holland Police Department and was acting under color of state law and as the employee, agent, or representative of the South Holland Police Department. This Defendant is being sued in her individual capacity.

7. At all times herein mentioned Hearing Officer Angelo Vitiritti was employed by the Village of South Holland and presided over the administrative hearing that found Plaintiff "liable" for violating the Village of South Holland Municipal Code. This Defendant is being sued only in his official capacity as a necessary party under the Illinois Administrative Review Law.

8. At all times herein mentioned, the Village of South Holland was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of South Holland maintained, managed, and/or operated the Village of South Holland Police Department and the Village of South Holland Code Hearing Department.

9. The Village of South Holland Code Hearing Department is an entity created by the Village of South Holland to adjudicate alleged violations of Village of South Holland

ordinances and impose civil liability penalties where violations of ordinances are found by a preponderance of the evidence.

## FACTUAL ALLEGATIONS

10. On or about February 28, 2022, Plaintiff C.A. was lawfully located in a public space near 16032 Woodlawn West Avenue, in the Village of South Holland, County of Cook, State of Illinois.

11. On that day and place Defendant Grady approached Plaintiff and discharged a taser that struck Plaintiff C.A. in his neck.

12. At the time Grady discharged his taser C.A. did not pose any threat to Defendant Grady or any other person.

13. There was no lawful basis for Defendant Grady to discharge his taser at Plaintiff C.A.

14. This use of force by Defendant Grady against Plaintiff C.A. caused bodily injury that required Plaintiff C.A. to be hospitalized and undergo surgery.

15. After discharging his taser at Plaintiff C.A. Defendants Grady and Vasquez caused Plaintiff C.A. to be detained by the Village of South Holland Police Department.

16. There was no legal basis for Defendants Grady and Vasquez to detain Plaintiff C.A. as he had not committed any crimes and Defendants Grady and Vasquez did not witness Plaintiff C.A. commit any crimes.

17. There was not probable cause for Defendants Grady and Vasquez to arrest Plaintiff as he had not committed any crimes and Defendants Grady and Vasquez did not witness Plaintiff C.A. commit any crimes.

18. Plaintiff C.A. was transported from the scene of his arrest to a hospital via ambulance.

19. Octavia Anderson eventually received citations, via U.S. Mail, identifying Plaintiff C.A. as a "Defendant" for two separate municipal code violations. The municipal code violations allege that on February 28, 2022, Plaintiff C.A. committed criminal damage to village property and assault to police officers.

20. Plaintiff C.A. did not cause actual property damage to any village property, and he did not assault any police officers on February 28, 2022.

21. By reason of the above-described acts and omissions of Grady and Vasquez Plaintiff C.A. sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Grady and Vasquez Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Grady and Vasquez for**
**UNREASONABLE SEIZURE**

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) the seizure of Plaintiff's person was not supported by probable cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Grady for**
**EXCESSIVE FORCE**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

28. During and after Plaintiff C.A.'s seizure Defendant Grady used excessive force against Plaintiff C.A.

29. There was no legal cause for Defendant Grady to use force against Plaintiff C.A.

30. By reason of Defendant Grady's conduct, Plaintiff C.A. was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the

Constitution of the United States and laws enacted thereunder. The physical violence inflicted upon Plaintiff C.A. was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant Grady is liable to Plaintiff C.A. pursuant to 42 U.S.C. § 1983.

## COUNT III

### Plaintiff against Village of South Holland and Hearing Officer Angelo Vitiritti for ILLINOIS ADMINISTRATIVE REVIEW

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully alleged at this place.

32. On June 13, 2022, two final administrative decisions affecting the rights of the Plaintiff C.A. were issued by Village of South Holland Hearing Officer Angelo Vitiritti.

33. The Village of South Holland and/or Hearing Officer Angelo Vitiritti in his official capacity, wrongfully caused Plaintiff C.A. to be found “liable” for twice violating the Village of South Holland Municipal Code on February 28, 2022.

34. The decisions finding Plaintiff “liable” were not in accordance with Illinois law or the U.S. Constitution, and therefore Plaintiff C.A. seeks review of this decision pursuant to 735 ILCS 5/3-103 of the Illinois Administrative Review Law.

35. Plaintiff has exhausted all available administrative remedies under the Illinois Administrative Review Law, and has no further plain, speedy, adequate remedy in the ordinary course of law.

36. Defendants are requested pursuant to 735 ILCS 5/3-108 file an answer to this count that includes a certified copy of the entire record of the administrative proceedings

including all recordings, transcripts, and evidence heard of/during the proceeding that resulted in two "Finding, Decision & Order[s]" finding Plaintiff C.A. "liable" on June 13, 2022.

37. Pursuant to the Illinois Administrative Review Law, 735 ILCS 5/3-103 Plaintiff requested that this Court reverse both of the "Finding, Decision & Order[s]" finding that Plaintiff was "liable."

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants:

1. That the Defendants in Counts I - II be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants in Counts I - II be required to pay Plaintiff's special damages;

3. That the Defendants in Counts I - II be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants Grady and Vasquez be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants in Counts I - II be required to pay Plaintiff's costs of the suit herein incurred;

6. That the Court reverse the Findings, Decisions & Orders entered against Plaintiff C.A. on June 13, 2022.

7. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com